| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|
| **NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION** | |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**O'Neal, Carl** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**O'Neal, Rozella** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **3550** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **8993, N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**5333 W. Galewood**<br>**Chicago, Illinois**   ZIP CODE **60639** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**4453 W. Walton**<br>**Chicago, Illinois**   ZIP CODE **60651** |
| County of Residence or of the Principal Place of Business:<br>**COOK** | County of Residence or of the Principal Place of Business:<br>**COOK** |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other **Medical transportation** | ☒ Chapter 7   ☐ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☐ Chapter 11     Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13     Recognition of a Foreign<br>                     Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☒ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): O'Neal, Carl and O'Neal, Rozella |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  _____<br>   Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☒  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): O'Neal, Carl and O'Neal, Rozella |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br>X _Carl O'Neal_<br>Signature of Debtor **Carl O'Neal**<br>X _Rozella O'Neal_<br>Signature of Joint Debtor **Rozella O'Neal**<br><br>Telephone Number (if not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>Signature of Attorney for Debtor(s)<br>**Dennis M. Sbertoli**<br>Printed Name of Attorney for Debtor(s)<br>**Law Office of Dennis M. Sbertoli**<br>Firm Name<br>**P.O. Box 1482**<br>**La Grange Park, Illinois 60526**<br>Address<br>**(708) 579-9724**<br>Telephone Number<br><br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br><br>X _____<br>Signature<br><br>Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br><br>Printed Name of Authorized Individual<br><br>Title of Authorized Individual<br><br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re **Carl O'Neal and Rozella O'Neal**

_____,
                Debtor

Case No. _____

Chapter **7** _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | NO | | $   809,044.00 | | |
| B - Personal Property | NO | | $   106,749.90 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | NO | | | $   1,495,731.32 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | NO | | | $   12,405.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | NO | | | $   194,236.85 | |
| G - Executory Contracts and Unexpired Leases | NO | | | | |
| H - Codebtors | NO | | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $   7,811.19 |
| J - Current Expenditures of Individual Debtors(s) | YES | 2 | | | $   13,483.33 |
| TOTAL | | 4 | $   915,793.90 | $   1,702,373.17 | |

B6A (Official Form 6A) (12/07)

In re <u>Carl O'Neal and Rozella O'Neal,</u>                    Case No. _____
                          Debtor                                                    (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 5333 W. Galewood, Chicago, Illinois 60639 | Fee Owner | J | $247,323.00 | $545,000.00 |
| **Notes:** Purchased in December 2007 for $595,000.00. Occupied by Debtor. | | | | |
| 3547 S. Dearborn St., Chicago, IL 60609 | Fee Owner | W | $335,000.00 | $354,000.00 |
| **Notes:** Income property purchased by Debtor's spouse, to be surrendered. | | | | |
| 5239 W. Ferdinand Chicago, IL | | H | $92,825.00 | $162,000.00 |
| 4453 W. Walton, Chicago | | W | $133,896.00 | $350,000.00 |
| **Notes:** Income property purchased by wife for approximately $135,000.00. Occupied by wife. | | | | |
| | | Total ▶ | $809,044.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  **Carl O'Neal and Rozella O'Neal,**_____     Case No. _____
                    **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | U.S. Currency | J | $100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account at Chase Bank. | J | $800.00 |
| | | Savings account at Chase Bank. | J | $800.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Living room furniture consisting of couch, chair, end tables, lamps, coffee table, television, and small miscellaneous items; bedroom furniture consisting of bed, night stands, lamps, dressers and mirror; dining room furniture consisting of dinette set; kitchen utensils and small appliances. | J | $1,500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Miscellaneous items of used clothing. | J | $200.00 |
| 7. Furs and jewelry. | | Miscellaneous items of costume jewelry and one man's watch. | J | $300.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Whole Life Insurance Policy with Farmers Insurance Company | H | $500.00 |

**Notes:** Beneficiary of subject insurance policy is co-Debtor, Rozella O'Neal.

B 6B  (Official Form 6B) (12/2007)

In re **Carl O'Neal and Rozella O'Neal,** _____   Case No. _____

                          Debtor                                             (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | |
|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | Pension with CME. | W | $65,000.00 |
| | IRA with Primerica Shareholder Services | H | $605.90 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | 100% owner of Progressive II, Inc. Involuntarily dissolved by Illinois Secretary of State on March 8, 2013. Secretary of State file no. 62487356. | W | $0.00 |
| **Notes:** Not currently operating, previously provided medical transport services for nursing home facilities. | | | |
| | 100% owner of Taking Care of People, Inc., an Illinois corporation | W | $0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | |
| 16. Accounts receivable. | Progressive III, Inc., an Illinois corporation, currently not operating. Secretay of State file no. 68417856 | W | $0.00 |
| **Notes:** Not in good standing | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | |

B 6B (Official Form 6B) (12/2007)

In re **Carl O'Neal and Rozella O'Neal,**            Case No. _____

                           **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2008 Mercedes-Benz S550 | W | $26,861.00 |
| | | 2008 Hyundai Sonata | W | $6,583.00 |
| **Notes:** In possession of and used by husband. All expenses associated with this vehicle are paid by Husband. | | | | |
| | | 2011 Buick Regal | H | $3,500.00 |
| **Notes:** Carl O'Neal is co-signer for vehicle purchased by his son-in-law. Carl remains listed as co-owner, however, vehicle is in possession of and all expenses associated by vehicle are paid by son-in-law. Carl O'Neal claims no present ownership interest in the vehicle. | | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | Two yorkies, non-show quality. | J | $0.00 |

B 6B  (Official Form 6B) (12/2007)

**In re** <u>Carl O'Neal and Rozella O'Neal,</u>                           **Case No.** _____
                         **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>3</u> continuation sheets attached        Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

$106,749.90

B6C (Official Form 6C) (04/13)

In re **Carl O'Neal and Rozella O'Neal,** _____       Case No. _____
            **Debtor**                                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                        $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| U.S. Currency | 735 ILCS 5/12-1001(b) | $100.00 | $100.00 |
| Checking account at Chase Bank. | 735 ILCS 5/12-1001(b) | $800.00 | $800.00 |
| Savings account at Chase Bank. | 735 ILCS 5/12-1001(b) | $800.00 | $800.00 |
| Living room furniture consisting of couch, chair, end tables, lamps, coffee table, television, and small miscellaneous items; bedroom furniture consisting of bed, night stands, lamps, dressers and mirror; dining room furniture consisting of dinette set; kitchen utensils and small appliances. | 735 ILCS 5/12-1001(b) | $1,500.00 | $1,500.00 |
| Miscellaneous items of used clothing. | 735 ILCS 5/12-1001(a),(e) | $200.00 | $200.00 |
| Miscellaneous items of costume jewelry and one man's watch. | 735 ILCS 5/12-1001(b) | $300.00 | $300.00 |
| Whole Life Insurance Policy with Farmers Insurance Company | 735 ILCS 5/12-1001(f) | $500.00 | $500.00 |
| Pension with CME. | 735 ILCS 5/12-1006 | $65,000.00 | $65,000.00 |
| IRA with Primerica Shareholder Services | 735 ILCS 5/12-1006 | $605.90 | $605.90 |

* _Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

B 6D (Official Form 6D) (12/07)

In re Carl O'Neal and Rozella O'Neal _____,    Case No. _____
                        Debtor                                                        (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 7892<br>Abri Credit Union<br>2350 W. McDonough Street<br>Joliet, IL 60436 | | W | Mortgage<br>3547 S. Dearborn St., Chicago, IL 60609<br>VALUE $    $335,000.00 | | | | $72,218.00 | $246.88 |
| ACCOUNT NO. 1695<br>Alliant Credit Union<br>P.O. Box 66945<br>11545 W. Touhy Avenue<br>Chicago, IL 60666-0945 | | J | Mortgage<br>5333 W. Galewood, Chicago, Illinois 60639<br>VALUE $    $247,323.00 | | | | $545,713.49 | $297,677.00 |
| ACCOUNT NO. 7836<br>Bank of America<br>PO Box 15726<br>Wilmington, DE 19850-5026 | | W | Security agreement<br>2008 Mercedes-Benz S550<br>VALUE $    $26,861.00 | | | | $56,440.08 | $3,236.00 |
| ACCOUNT NO. 5350<br>Chase Home Finance<br>3415 Vision Drive<br>Columbus, OH 43219-6009 | | H | Mortgage<br>5239 W. Ferdinand Chicago, IL<br>VALUE $    $92,825.00 | | | | $151,184.63 | $69,175.00 |

Notes: Property currently in foreclosure. Case no. 12 CH 41407

| 2  continuation sheets attached | | Subtotal ▶<br>(Total of this page) | $ 825,556.20 | $ 370,334.88 |
|---|---|---|---|---|
| | | Total ▶<br>(Use only on last page) | $ | $ |
| | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re **Carl O'Neal and Rozella O'Neal** _____,  Case No. _____
      Debtor                                                 (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Additional Contacts for Chase Home Finance (5350): **Manley Deas Kochalski, LLC** 1 East Wacker Drive, Ste. 1250 Chicago, IL 60601 | | | | | | | | |
| ACCOUNT NO. **Chicago Municipal Employee's Union** 33 N. LaSalle, Suite 400 Chicago, IL 60602 | | W | Loan Pension with CME. VALUE $ $65,000.00 | | | | $0.00 | |
| ACCOUNT NO. 55-3 **CitiMortgage** P.O. Box 6243 Siux Falls, SD 57117-6243 | | W | Mortgage 3547 S. Dearborn St., Chicago, IL 60609 VALUE $ $335,000.00 | | | | $354,246.88 | $19,000.00 |
| ACCOUNT NO. **Hyundai Motor Finance company** PO Box 9001101 Louisville, KY 40290 | | W | Security interest 2008 Hyundai Sonata VALUE $ $6,583.00 | X | | | $0.00 | |
| ACCOUNT NO. 2962 **OCWEN** P.O. Box 780 Waterloo, IA 50704 | | W | Mortgage 4453 W. Walton, Chicago VALUE $ $133,896.00 | | | | $220,588.44 | $216,104.00 |

Notes: Ocwen is assignee for GMAC Mortgage.

Sheet no. **1** of **2** continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)► (Total(s) of this page)        $ 574,835.32 | $ 235,104.00

Total(s) ► (Use only on last page)        $ | $

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re **Carl O'Neal and Rozella O'Neal** , Case No. _____

_____ **Debtor** _____ _____ **(if known)** _____

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9390 <br> **PNC Bank** <br> **PO Box 3429.** <br> **Pittsburgh, PA** <br> **15230-3429** | | W | **Equity line of credit** <br> **4453 W. Walton,** <br> **Chicago** <br><br> VALUE $   $133,896.00 | | | | $95,339.80 | |

Sheet no. __2__ of __2__ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)▶ (Total(s) of this page)  |  $   **95,339.80** | $   **0.00**

Total(s) ▶ (Use only on last page)  |  $   **1,495,731.32** | $   **605,438.88**

(Report also on Summary of Schedules.)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13)

In re  **Carl O'Neal and Rozella O'Neal**_____,   Case No._____
                                                Debtor                                                    *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                                                    __1__  continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.

In re **Carl O'Neal and Rozella O'Neal** _____ ,    Case No. _____
                    Debtor                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **Illinois Department of Revenue Springfield, Illinois 62776-0001 \*\*\*Creditor priority mailing state RMC\*\*\*** | X | W | Listed for notice purposes only. Possible claim arising out of tax obligation of Progressive II, Inc. | | | | $405.00 | $405.00 | $0.00 |
| Account No. **Internal Revenue Service P.O. Box 7346 Philedelphia, PA 19101-7346** | | J | 1040 liability 2009 | | X | | $12,000.00 | $12,000.00 | $0.00 |

Notes: Payment plan pending.

| | | | |
|---|---|---|---|
| Sheet no. **1** of **1** continuation sheets attached to Schedule of Creditors Holding Priority Claims | Subtotals➤ (Totals of this page) | $ **12,405.00** | $ **12,405.00** | **$0.00** |
| | Total➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **12,405.00** | | |
| | Totals➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **12,405.00** | $ **0.00** |

In re **Carl O'Neal and Rozella O'Neal**_____, Case No. _____
                                        Debtor                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 4004 <br><br> **American Express** <br> **P.O. Box 297804** <br> **Fort Lauderdale, FL** <br> **33329-7804** | | W | **Miscellaneous consumer purchases** | | | | $17,009.65 |
| Additional Contacts for American Express (4004): <br><br> **The CKB Firm** <br> **30 N. LaSalle Ste. 1520** <br> **Chicago, IL 60602** | | | | | | | |
| **ACCOUNT NO.** <br><br> **AT&T** <br> **P.O. Box 8100** <br> **Aurora, IL 60507** | | W | **Listed for notice purposes only. Phone bill asserted against Progressive II, Inc.** | | | | $446.11 |
| **ACCOUNT NO.** 3049 <br><br> **Bank of America** <br> **P.O. Box 15184** <br> **Wilmington, DE 19850-5184** | | W | **Business related purchases.** | | | | $24,590.98 |

<u>  9  </u> continuation sheets attached

Subtotal ► | $ | 42,046.74

Total ► | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re **Carl O'Neal and Rozella O'Neal** _____,    Case No. _____
                    **Debtor**                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    7836** <br><br> **Bank of America** <br> **P.O. Box 15184** <br> **Wilmington, DE 19850-5184** | | W | **Business related purchases and some miscellaneous consumer purchases.** | | | | $30,164.46 |
| **ACCOUNT NO.    3967** <br><br> **Canon Financial Services, Inc.** <br> **14904 Collections Center Drive** <br> **Chicago, IL 60693-0949** | | W | **Listed for notice purposes only. Claim for copy services provided to Progressive II, Inc.** | | | | $910.60 |
| Additional Contacts for Canon Financial Services, Inc. (3967): <br><br><br> **Dressler & Peters, LLC** <br> **111 W. Washington St.** <br> **Ste. 1900** <br> **Chicago, IL 60602** | | | | | | | |
| **ACCOUNT NO.    0190** <br><br> **Chicago Housing Authority** <br> **60 E. Van Buren** <br> **Chicago, IL 60605** | | W | **Overpayment on rent** | | | | $723.00 |

Sheet no. __1__ of __9__ continuation sheets attached                                    Subtotal▶ | $ | **31,798.06**
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                                                    Total▶ | $ |
                                        (Use only on last page of the completed Schedule F.)
                                (Report also on Summary of Schedules and, if applicable on the Statistical
                                        Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Carl O'Neal and Rozella O'Neal**_____,    Case No. _____

_____Debtor_____    _____(if known)_____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Chicago Housing Authority (0190):**<br><br>**Municipal Services Bureau**<br>**PO Box 16755**<br>**Austin, TX 78761-6755** | | | | | | | |
| **ACCOUNT NO.    6495**<br>**City of Chicago Dept. of Finance\Tax**<br>**333 S. State St. Ste. 300**<br>**Chicago, IL 60604-3977** | | W | **Asserted claim for transportation tax by City of Chicago.** | | | | $75.95 |
| **ACCOUNT NO.    310B**<br>**Department of the Treasury Financial Management Serv.**<br>**PO Box 830794**<br>**Birmingham, AL 35283-0794** | | H | **Possible guaranty arising out of small business administration loan.** | | | | $14,330.37 |
| **ACCOUNT NO.    310a**<br>**Department of the Treasury Financial Management Services**<br>**PO Box 830794**<br>**Birmingham, AL 35283-0794** | | W | **Possible guaranty arising out of small business administration loan.** | | | | $11,195.50 |

Sheet no.__2__ of __9__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ | $ | 25,601.82

Total▶ | $ | 
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Carl O'Neal and Rozella O'Neal**_____,        Case No. _____
                    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    4240 <br><br> **EMPG of Oak Park** <br> **c/o Eagle Recovery Associates** <br> **424 S.W. Washington St., 3rd Fl.** <br> **Peoria , IL 61602** | | W | **Medical services rendered.** | | | | **$169.00** |
| ACCOUNT NO.    4583 <br><br> **FIA Card Services** <br> **P.O. Box 15726** <br> **Wilmington, DE 19886-5726** | | W | **Miscellaneous consumer purchases.** | | | | **$0.00** |
| Additional Contacts for FIA Card Services (4583): <br><br> **United Recovery Systems LP (PO Box 722929, Houston, Texas 77272)** <br> **PO Box 722929** <br> **Houston, TX 77272** <br><br> **VCS** <br> **7500 Office Ridge Circle** <br> **Eden Prairie, MN 55344-3678** | | | | | | | |
| ACCOUNT NO.    2259 <br><br> **FIA Card Services, NA** <br> **P.O. Box 15726** <br> **Wilmington, DE 19886-5726** | | W | **Miscellaneous consumer purchases** | | | | **$27,561.52** |

Sheet no.__**3**__ of __**9**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶    $    **27,730.52**

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Carl O'Neal and Rozella O'Neal** _____ ,    Case No. _____
            **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for FIA Card Services, NA (2259):** <br><br> **Blitt & Gaines (661 Glenn Avenue, Wheeling, Illinois 60090) 661 Glenn Avenue Wheeling, IL 60090** <br><br> **Leading Edge Recovery Solutions, LLC PO Box 129 Linden, MI 48451-0129** | | | | | | | |
| ACCOUNT NO.    1387 <br><br> **GE Capital 1010 Thomas Edison Blvd. SW Cedar Rapids, IA 52404** | | W | Miscellaneous consumer purchases. | | | | $7,190.00 |
| **Additional Contacts for GE Capital  (1387):** <br><br> **Allied Interstate PO Box 4000 Warrenton, VA 20188** | | | | | | | |
| ACCOUNT NO. <br><br> **Genesis Clinical Labs 3231 S. Euclid Avenue Berwyn, IL 60402** | | W | Medical services rendered. | | | | $44.00 |

Sheet no.  **4**  of  **9**  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ | 7,234.00

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re <u>Carl O'Neal and Rozella O'Neal</u>,                          Case No. _____
_____Debtor_____                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Genesis Clinical Labs:**<br><br>**SKO Brenner American, Inc.**<br>**PO Box 230**<br>**Farmingdale, NY**<br>**11735-0230** | | | | | | | |
| **ACCOUNT NO.**<br><br>**Hallmark & Johnson**<br>**6160 N. Cicero Ste. 620**<br>**Chicago, IL 60646** | | W | Property management | | | | $160.00 |
| **ACCOUNT NO.**      7608<br><br>**Home Depot Credit**<br>**P.O. Box 103047**<br>**Roswell, GA 30076** | | H | Miscellaneous consumer purchases | | | | $26,056.95 |
| **Additional Contacts for Home Depot Credit (7608):**<br><br>**LTD Financial Servisces**<br>**7322 Southwest Freeway,**<br>**Suite 1600**<br>**Houston, TX 77074** | | | | | | | |

Sheet no. __5__ of __9__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | | Subtotal▶ | $ | **26,216.95** |
|---|---|---|---|---|
| | | Total▶ | $ | |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Carl O'Neal and Rozella O'Neal**_____,                    Case No. _____
                                   **Debtor**                                                                         **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    8188 <br><br> **IDES Collection Section** <br> **33 S. State Street, 10th Floor** <br> **Chicago, IL 60603** | | W | **Possible claim by Illinois Department of Employment Securuty against Progressive II, Inc.** | | | | $0.00 |
| ACCOUNT NO. <br><br> **Illinois Department of Health Care and Family Services** <br> **401 S. Clinton St. 6th Floor** <br> **Chicago, IL 60607** | X | W | **Listed for notice purposes only. Possible claim against Progressive II, Inc.** | | | | $0.00 |
| ACCOUNT NO.    1439 <br><br> **Mac Neal Health Network** <br> **2384 Paysphere Circle** <br> **Chicago, IL 60674-2384** | | H | **Medical services rendered.** | | | | $14.00 |
| Additional Contacts for Mac Neal Health Network  (1439): <br><br><br> **M3 Financial Services** <br> **PO Box 7230** <br> **Westchester, IL 60154** | | | | | | | |

Sheet no.__6__ of __9__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► | $ | 14.00

Total► | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Carl O'Neal and Rozella O'Neal** _____ ,          Case No. _____
                                    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br> **Northbrook Bank and Trust Company** <br> **1145 N. Arlington Heights Road** <br> **Itasca, IL 60143** | X | J | **Individual guaranty of loan made to Debtors' business, Progressive II, Inc.** | | | | **$31,792.45** |
| Additional Contacts for Northbrook Bank and Trust Company: <br><br> **Lorenzini & Associates** <br> **1900 Spring Road, Ste. 501** <br> **Oak Brook, IL 60523** | | | | | | | |
| **ACCOUNT NO.    7702** <br> **Partners and Women's Health** <br> **7339 W. Madison** <br> **Forest Park, IL 60130** | | W | **Medical services rendered** | | | | **$15.90** |
| **ACCOUNT NO.    6780** <br> **Publishers Clearing House** <br> **PO Box 4002924** <br> **Des Moines, IA 50340** | | W | **Subscription** | | | | **$20.45** |

Sheet no. __7__ of __9__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ **31,828.80**

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Carl O'Neal and Rozella O'Neal**                    ,    Case No. _____

_____
**Debtor**                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Publishers Clearing House (6780):** | | | | | | | |
| **North Shore Agency 9525 Sweet Valley Drive, Building A Valley View, OH 44125** | | | | | | | |
| ACCOUNT NO.    2535 | | | | | | | |
| **Sprint P.O. Box 4191 Carol Stream, IL 60191-4191** | | | **Listed for notice purposes only. Asserted claim against Progressive II, Inc. Individual liability unknown** | | | | $955.86 |
| **Additional Contacts for Sprint  (2535):** | | | | | | | |
| **GC Services Limited Partnership 6330 Gulfton Houston, TX 77081** | | | | | | | |
| ACCOUNT NO.    5534 | | | | | | | |
| **Triangle Medical Solutions 4711 Hope Valley Road PMB 218 Durham, NC 27707-5651** | | W | **Listed for notice purposes only. Claim asserted against Progressive II, Inc. Individual liability disputed** | | | | $343.50 |

Sheet no. __8__ of __9__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶    $    **1,299.36**

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re <u>Carl O'Neal and Rozella O'Neal</u>                    ,          Case No. _____

                       **Debtor**                                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**<br><br>**West Suburban Medical Center**<br>**3 Erie Court**<br>**Oak Park, IL 60302** | | W | **Medical services rendered** | | | | $466.60 |
| **Additional Contacts for West Suburban Medical Center:**<br><br>**RadAdvantage**<br>**PO Box 2858**<br>**Raleigh, NC 27602** | | | | | | | |

Sheet no. __9__ of __9__  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                                           Subtotal►   $       **466.60**

                                                    Total►   $     **194,236.85**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re **Carl O'Neal and Rozella O'Neal,**                     Case No. _____
                        **Debtor**                                          **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re  **Carl O'Neal and Rozella O'Neal,**                                    Case No. _____
                              **Debtor**                                                                **(if known)**

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |
|                              |                              |
|                              |                              |
|                              |                              |
|                              |                              |
|                              |                              |
|                              |                              |
|                              |                              |

B6I (Official Form 6I) (12/07)

In re   __Carl O'Neal and Rozella O'Neal,__   Case No. _____
          **Debtor**                                                 **(if known)**

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| **Married** | RELATIONSHIP(S): | Carl, son | AGES(S): | ***Debtor dependent age CO*** |
| **Employment:** | DEBTOR | | SPOUSE | |
| Occupation | **Supervisor-Youth Outreach** | | **Meter Assessor** | |
| Name of Employer | **Youth Outreach Services** | | **City of Chicago** | |
| How long employed | **1 year** | | **20 years** | |
| Address of Employer | **2411 W. Congress Pkwy. Chicago, IL 60612** | | ***Spouse employer state RMC[COUNTER]*** | |

INCOME: (Estimate of average or projected monthly income at time case filed)                DEBTOR                SPOUSE

| | | | | | |
|---|---|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 2,832.51 | $ | 6,496.00 |
| 2. | Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. | SUBTOTAL | $ | 2,832.51 | $ | 6,496.00 |
| 4. | LESS PAYROLL DEDUCTIONS | | | | |
| | a. Payroll taxes and social security | $ | 481.35 | $ | 1,055.54 |
| | b. Insurance | $ | 0.00 | $ | 160.88 |
| | c. Union dues | $ | 0.00 | $ | 0.00 |
| | d. Other (Specify): | | | | |

| Description | Debtor's Amount | Spouse's Amount |
|---|---|---|
| **Charity** | $0.00 | $4.00 |
| **Credit Union** | $0.00 | $0.00 |
| **Deferred Comp** | $0.00 | $1,200.00 |
| **Municipal Credit Union** | $0.00 | $626.00 |
| **Municipal Pension** | $0.00 | $552.16 |
| **Pension** | $0.00 | $0.00 |
| **Term Life Insurance** | $0.00 | $29.72 |
| **Universal Life Insurance** | $0.00 | $20.00 |

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| | | $ | 0.00 | $ | 2,431.88 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 481.35 | $ | 3,648.30 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,351.16 | $ | 2,847.70 |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. | Income from real property | $ | 892.00 | $ | 0.00 |
| 9. | Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. | Social security or government assistance (Specify): | $ | | $ | |

B6I (Official Form 6I) (12/07)

In re   **Carl O'Neal and Rozella O'Neal,**_____          Case No. _____
         Debtor                                                              (if known)

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| | | | |
|---|---|---|---|
| 12. | Pension or retirement income | $ _____ 0.00 | $ _____ 0.00 |
| 13. | Other monthly income<br>(Specify): **Foley Transportation** | $ _____ 1,720.33 | $ _____ 0.00 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ _____ 2,612.33 | $ _____ 0.00 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ _____ 4,963.49 | $ _____ 2,847.70 |
| 16. | COMBINED AVERAGE MONTHLY INCOME:<br>(combine column totals from line 15) | $ _____ 7,811.19 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this
document:**None.**

B 6J (Official Form 6J) (12/07)

In re __Carl O'Neal and Rozella O'Neal,__       Case No. _____
             **Debtor**                                                           **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

☒ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. | Rent or home mortgage payment (include lot rented for mobile home) | $2,200.00 |
| | a.   Are real estate taxes included? Yes _____ No __X__ | |
| | b.   Is property insurance included? Yes __X__ No _____ | |
| 2. | Utilities:   a.   Electricity and heating fuel | $420.00 |
| |          b.   Water and sewer | $50.00 |
| |          c.   Telephone | $225.00 |
| |          d.   Other _____ | $ _____ |
| 3. | Home maintenance (repairs and upkeep) | $50.00 |
| 4. | Food | $450.00 |
| 5. | Clothing | $100.00 |
| 6. | Laundry and dry cleaning | $150.00 |
| 7. | Medical and dental expenses | $175.00 |
| 8. | Transportation (not including car payments) | $600.00 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| 10. | Charitable contributions | $400.00 |
| 11. | Insurance (not deducted from wages or included in home mortgage payments) | |
| | a.   Homeowner's or renter's | |
| | b.   Life | $210.00 |
| | c.   Health | $200.00 |
| | d.   Auto | $175.00 |
| | e.   Other _____ | $ _____ |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) (Specify): Real Estate taxes. | $1,333.33 |
| 13. | Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| | a.   Auto | $495.00 |
| | b.   Other _____ | $ _____ |
| 14. | Alimony, maintenance, and support paid to others | |
| 15. | Payments for support of additional dependents not living at your home | |
| 16. | Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17. | Other _____ | $ _____ |
| 18. | AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $     7,233.33 |
| 19. | Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: None. | |
| 20. | STATEMENT OF MONTHLY NET INCOME | |
| | a.   Average monthly income from Line 15 of Schedule I | $     4,963.49 |
| | b.   Average monthly expenses from Line 18 above | $     7,233.33 |
| | c.   Monthly net income (a. minus b.) | $     -2,269.84 |

B 6J (Official Form 6J) (12/07)

In re __Carl O'Neal and Rozella O'Neal,_____     Case No. _____
                                    **Debtor**                                            **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

## SPOUSE

| | | | |
|---|---|---|---|
| 1. | Rent or home mortgage payment (include lot rented for mobile home) | | $1,155.00 |
| | a. | Are real estate taxes included? Yes _____ No __X__ | |
| | b. | Is property insurance included? Yes _____ No __X__ | |
| 2. | Utilities: | e.  Electricity and heating fuel | $250.00 |
| | | f.  Water and sewer | $55.00 |
| | | g.  Telephone | $200.00 |
| | | h.  Other _____ | $ |
| 3. | Home maintenance (repairs and upkeep) | | $50.00 |
| 4. | Food | | $550.00 |
| 5. | Clothing | | $100.00 |
| 6. | Laundry and dry cleaning | | |
| 7. | Medical and dental expenses | | $175.00 |
| 8. | Transportation (not including car payments) | | $450.00 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc. | | |
| 10. | Charitable contributions | | |
| 11. | Insurance (not deducted from wages or included in home mortgage payments) | | |
| | f. | Homeowner's or renter's | |
| | g. | Life | $490.00 |
| | h. | Health | |
| | i. | Auto | $175.00 |
| | i. | Other: Insurance not deducted from wages. | $400.00 |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) | | |
| | (Specify) _____ | | $ |
| 13. | Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| | c. | Auto | $2,200.00 |
| | d. | Other _____ | $ |
| 14. | Alimony, maintenance, and support paid to others | | |
| 15. | Payments for support of additional dependents not living at your home | | |
| 16. | Regular expenses from operation of business, profession, or farm (attach detailed statement) | | |
| 17. | Other _____ | | $ |
| 18. | AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 6,250.00 |
| 19. | Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: None. | | |

| | | | |
|---|---|---|---|
| 20. | STATEMENT OF MONTHLY NET INCOME | | |
| | a. | Average monthly income from Line 15 of Schedule I | $    2,847.70 |
| | b. | Average monthly expenses from Line 18 above | $    6,250.00 |
| | c. | Monthly net income (a. minus b.) | $   -3,402.30 |

In re  **Carl O'Neal and Rozella O'Neal** _____ ,   Case No. _____
<u>Debtor</u>                                                      (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**13**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____           Signature: _____
                                              **Carl O'Neal** Debtor

Date _____           Signature: _____
                                              **Rozella O'Neal** (Joint Debtor, if any)

[If joint case, both spouses must sign.]

--------------------------------------------------------------------------------
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,            Social Security No.
of Bankruptcy Petition Preparer                    *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
Address

X _____          _____
Signature of Bankruptcy Petition Preparer           Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

--------------------------------------------------------------------------------
### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(Total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____           Signature: _____

                                _____
                                [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

--------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re **Carl O'Neal and Rozella O'Neal**

_____ ,            Case No. _____
                        Debtor

                                                      Chapter **7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☒ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: Carl O'Neal and Rozella O'Neal                    Case No _____
_____                                    (if known)
                Debtor

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

Debtor:
　　Current Year (2013):
　　$31,200.00                         Earned Income and Real Property


　　Previous Year 1 (2012):


　　Previous Year 2 (2011):

Joint Debtor:
　　Current Year (2013):
　　$35,232.00                         Earned Income


　　Previous Year 1 (2012):


　　Previous Year 2 (2011):


**2. Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☒

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:
Joint Debtor:
N/A

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND | STATUS OR DISPOSITION |
|---|---|---|---|

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

LOCATION

Debtor:

| | | | |
|---|---|---|---|
| Northbrook Bank and Trust Company v. Carl and Rozella O'Neal Case Number: 2012 L-01088 | Collection | Circuit Court of Cook County Law Department | Judgment rendered |
| US Bank National Association v. Car O'Neal and Rozella O'Neal Case Number: 2012 CH 41407 | Mortgage Foreclosure | Chancery Division Cook County | Judgment rendered |
| In the matter of Progressive II, Inc. Case Number: 12 MBH 326: 327: 328 | Adminstrative Proceeding | Illnois Department of Commerce ***Lawsuit dtr court or agency location RTE*** | Pending |
| FIA Card Services v. Rozella O'Neal Case Number: 13 M1-131994 | Collection | Circuit Court of Cook County Municipal Department | Judgment rendered. |

Joint Debtor:
N/A

None
☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | DATE OF | TERMS OF ASSIGNMENT |
|---|---|---|

OF ASSIGNEE                    ASSIGNMENT        OR SETTLEMENT

None
☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None
☒   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None
☒   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None
☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: Law Office of Dennis M. Sbertoli PO Box 1482 | 09/2012 | $1,000.00 |

La Grange Park, Illinois 60526

Joint Debtor:
N/A

---

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, |
|---|---|---|---|

IF ANY

**13. Setoffs**

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☒  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐  a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

LAST FOUR DIGITS
OF SOCIAL-SECURITY                                                    BEGINNING

| NAME | OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | AND ENDING DATES |
|------|------|------|------|------|
| Debtor: N/A | | | | |
| Joint Debtor: Progressive II, Inc., an Illinois corporation | ***Business jdtr individual abbrev id number RTE*** / ***Business jdtr individual complete ein number RTE*** | 4453 W. Walton St. Chicago, Illinois 60651 | Ambulatory services | Beginning Date: ***Business jdtr individual beginning date RTE*** Ending Date: 03/08/2013 |
| Progressive III, Incorporated, an Illinois corporation | ***Business jdtr individual abbrev id number RTE*** / ***Business jdtr individual complete ein number RTE*** | 4453 W. Walton Chicago, Illinois 60651 | Ambulatory services | Beginning Date: ***Business jdtr individual beginning date RTE*** Ending Date: N/A |

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None
☒

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                DATES SERVICES RENDERED

Debtor:
***IF Accountant dtr within two years TF***      Joint Debtor:
N/A

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                      DATES SERVICES RENDERED

Debtor:
***IF Accountant auditor dtr within two years TF***          Joint Debtor:
   N/A

None  c. List all firms or individuals who at the time of the commencement of this case were in possession of the
☒     books of account and records of the debtor. If any of the books of account and records are not available, explain.

      NAME                                  ADDRESS

      Debtor:
***IF Accountant dtr book holder TF***          Joint Debtor:
   N/A

None  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☒     financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

      NAME AND ADDRESS                                  DATE ISSUED

      Debtor:
***IF Accountant dtr fin statement issued TF*** Joint Debtor:
   N/A

---

**20. Inventories**

None  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
☒     taking of each inventory, and the dollar amount and basis of each inventory.

                                                           DOLLAR AMOUNT
                                                           OF INVENTORY
                                                           (Specify cost, market or other
      DATE OF INVENTORY        INVENTORY SUPERVISOR        basis)

      Debtor:
***IF Inventory dtr TF***        Joint Debtor:
   N/A

None  b. List the name and address of the person having possession of the records of each of the inventories reported
☒     in a., above.

                               NAME AND ADDRESSES
                               OF CUSTODIAN
      DATE OF INVENTORY        OF INVENTORY RECORDS

      Debtor:
***IF Inventory dtr TF***
N/A

---

**21. Current Partners, Officers, Directors and Shareholders**

None  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
☒     partnership.

      NAME AND ADDRESS        NATURE OF INTEREST        PERCENTAGE OF INTEREST

None ☒    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22. Former partners, officers, directors and shareholders**

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ☒    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

---

**25. Pension Funds.**

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                        TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____     Signature of Debtor _____

Date _____     Signature of Joint Debtor (if any) _____

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re   Carl O'Neal and Rozella O'Neal _____          Case No. _____
       Debtor                                              Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>OCWEN | **Describe Property Securing Debt:**<br>4453 W. Walton, Chicago |

Property will be *(check one)*:
        ☐ Surrendered       ☒ Retained

If retaining the property, I intend to *(check at least one)*:
        ☐ Redeem the property
        ☒ Reaffirm the debt
        ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
        ☐ Claimed as exempt     ☒ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>PNC Bank | **Describe Property Securing Debt:**<br>4453 W. Walton, Chicago |

Property will be *(check one)*:
        ☐ Surrendered       ☒ Retained

If retaining the property, I intend to *(check at least one)*:
        ☐ Redeem the property
        ☒ Reaffirm the debt
        ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
        ☐ Claimed as exempt     ☒ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name:** Chase Home Finance | **Describe Property Securing Debt:** 5239 W. Ferdinand Chicago, IL |

Property will be *(check one)*:
    ☒ Surrendered        ☐ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☐ Claimed as exempt    ☒ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:** Bank of America | **Describe Property Securing Debt:** 2008 Mercedes-Benz S550 |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☐ Claimed as exempt    ☒ Not claimed as exempt

| Property No. 5 | |
|---|---|
| **Creditor's Name:** CitiMortgage | **Describe Property Securing Debt:** 3547 S. Dearborn St., Chicago, IL 60609 |

Property will be *(check one)*:
    ☒ Surrendered        ☐ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☐ Claimed as exempt    ☒ Not claimed as exempt

B 8 (Official Form 8) (12/08)

| Property No. 6 | |
|---|---|
| **Creditor's Name:**<br>Alliant Credit Union | **Describe Property Securing Debt:**<br>5333 W. Galewood, Chicago, Illinois 60639 |

Property will be *(check one)*:
      ☒ Surrendered      ☐ Retained

If retaining the property, I intend to *(check at least one)*:
      ☐ Redeem the property
      ☐ Reaffirm the debt
      ☐ Other.  Explain _____ (for example, avoid lien using 11
U.S.C. § 522(f)).

Property is *(check one)*:
      ☐ Claimed as exempt      ☒ Not claimed as exempt

| Property No. 7 | |
|---|---|
| **Creditor's Name:**<br>Abri Credit Union | **Describe Property Securing Debt:**<br>3547 S. Dearborn St., Chicago, IL 60609 |

Property will be *(check one)*:
      ☒ Surrendered      ☐ Retained

If retaining the property, I intend to *(check at least one)*:
      ☐ Redeem the property
      ☐ Reaffirm the debt
      ☐ Other.  Explain _____ (for example, avoid lien using 11
U.S.C. § 522(f)).

Property is *(check one)*:
      ☐ Claimed as exempt      ☒ Not claimed as exempt

| Property No. 8 | |
|---|---|
| **Creditor's Name:**<br>Chicago Municipal Employee's Union | **Describe Property Securing Debt:**<br>Pension with CME. |

Property will be *(check one)*:
      ☐ Surrendered      ☒ Retained

If retaining the property, I intend to *(check at least one)*:
      ☐ Redeem the property
      ☒ Reaffirm the debt
      ☐ Other.  Explain _____ (for example, avoid lien using 11
U.S.C. § 522(f)).

Property is *(check one)*:
      ☐ Claimed as exempt      ☒ Not claimed as exempt

B 8 (Official Form 8) (12/08)                                                                                                        Page 4

| Property No. 9 | |
|---|---|
| **Creditor's Name:**<br>Hyundai Motor Finance company | **Describe Property Securing Debt:**<br>2008 Hyundai Sonata |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ***IF Secured claim surrendered or retained RMC = "Retained" AND Secured claim redeem or reaffirm RMC = "1"*** Redeem the property
    ***IF Secured claim surrendered or retained RMC = "Retained" AND Secured claim redeem or reaffirm RMC = "2"*** Reaffirm the debt
    ***IF Secured claim surrendered or retained RMC = "Retained" AND Secured claim redeem or reaffirm RMC = "3"*** Other. Explain ***IF Secured claim surrendered or retained RMC = "Retained" AND Secured claim redeem or reaffirm RMC = "3"***.

Property is *(check one)*:
    ☐ Claimed as exempt        ☒ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____

_____
Signature of Debtor

_____
Signature of Joint Debtor

Abri Credit Union
2350 W. McDonough Street
Joliet, IL 60436


Alliant Credit Union
P.O. Box 66945
11545 W. Touhy Avenue
Chicago, IL 60666-0945


Allied Interstate
PO Box 4000
Warrenton, VA 20188


American Express
P.O. Box 297804
Fort Lauderdale, FL 33329-7804


AT&T
P.O. Box 8100
Aurora, IL 60507


Bank of America
P.O. Box 15184
Wilmington, DE 19850-5184


Bank of America
PO Box 15726
Wilmington, DE 19850-5026


Bank of America
P.O. Box 15184
Wilmington, DE 19850-5184


Blitt & Gaines (661 Glenn Avenue, Wheeli
661 Glenn Avenue
Wheeling, IL 60090

Canon Financial Services, Inc.
14904 Collections Center Drive
Chicago, IL 60693-0949


Chase Home Finance
3415 Vision Drive
Columbus, OH 43219-6009


Chicago Housing Authority
60 E. Van Buren
Chicago, IL 60605


Chicago Municipal Employee's Union
33 N. LaSalle, Suite 400
Chicago, IL 60602


CitiMortgage
P.O. Box 6243
Siux Falls, SD 57117-6243


City of Chicago Dept. of Finance\Tax
333 S. State St. Ste. 300
Chicago, IL 60604-3977


Department of the Treasury Financial Man
PO Box 830794
Birmingham, AL 35283-0794


Department of the Treasury Financial Man
PO Box 830794
Birmingham, AL 35283-0794


Dressler & Peters, LLC
111 W. Washington St. Ste. 1900
Chicago, IL 60602

EMPG of Oak Park
c/o Eagle Recovery Associates
424 S.W. Washington St., 3rd Fl.
Peoria , IL 61602


FIA Card Services
P.O. Box 15726
Wilmington, DE 19886-5726


FIA Card Services, NA
P.O. Box 15726
Wilmington, DE 19886-5726


GC Services Limited Partnership
6330 Gulfton
Houston, TX 77081


GE Capital
1010 Thomas Edison Blvd. SW
Cedar Rapids, IA 52404


Genesis Clinical Labs
3231 S. Euclid Avenue
Berwyn, IL 60402


Hallmark & Johnson
6160 N. Cicero Ste. 620
Chicago, IL 60646


Home Depot Credit
P.O. Box 103047
Roswell, GA 30076


Hyundai Motor Finance company
PO Box 9001101
Louisville, KY 40290

```
IDES Collection Section
33 S. State Street, 10th Floor
Chicago, IL 60603


Illinois Department of Health Care and F
401 S. Clinton St. 6th Floor
Chicago, IL 60607


Illinois Department of Revenue
Springfield, Illinois  62776-0001


Internal Revenue Service
P.O. Box 7346
Philedelphia, PA 19101-7346


Leading Edge Recovery Solutions, LLC
PO Box 129
Linden, MI 48451-0129


Lorenzini & Associates
1900 Spring Road, Ste. 501
Oak Brook, IL 60523


LTD Financial Servisces
7322 Southwest Freeway, Suite 1600
Houston, TX 77074


M3 Financial Services
PO Box 7230
Westchester, IL 60154


Mac Neal Health Network
2384 Paysphere Circle
Chicago, IL 60674-2384
```

Manley Deas Kochalski, LLC
1 East Wacker Drive, Ste. 1250
Chicago, IL 60601


Municipal Services Bureau
PO Box 16755
Austin, TX 78761-6755


North Shore Agency
9525 Sweet Valley Drive, Building A
Valley View, OH 44125


Northbrook Bank and Trust Company
1145 N. Arlington Heights Road
Itasca, IL 60143


OCWEN
P.O. Box 780
Waterloo, IA 50704


Partners and Women's Health
7339 W. Madison
Forest Park, IL 60130


PNC Bank
PO Box 3429.
Pittsburgh, PA 15230-3429


Progressive II, Inc.
4453 W. Walton, Suite 101
Chicago, IL 60651


Progressive II, Inc.
4453 W. Walton St., Ste. 101
Chicago, IL 60651

Progressive II, Inc.
4453 W. Walton, Suite 101
Chicago, IL 60651


Publishers Clearing House
PO Box 4002924
Des Moines, IA 50340


RadAdvantage
PO Box 2858
Raleigh, NC 27602


SKO Brenner American, Inc.
PO Box 230
Farmingdale, NY 11735-0230


Sprint
P.O. Box 4191
Carol Stream, IL 60191-4191


The CKB Firm
30 N. LaSalle Ste. 1520
Chicago, IL 60602


Triangle Medical Solutions
4711 Hope Valley Road
PMB 218
Durham, NC 27707-5651


United Recovery Systems LP (PO Box 72292
PO Box 722929
Houston, TX 77272


VCS
7500 Office Ridge Circle
Eden Prairie, MN 55344-3678

West Suburban Medical Center
3 Erie Court
Oak Park, IL 60302

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

In Re:                                            Bankruptcy Case Number: _____

**Carl O'Neal and Rozella O'Neal**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____

The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our)
knowledge.

Dated: _____            _____
                                                                                                    Debtor

                                                         _____
                                                                                                  Joint Debtor

B 203
(12/94)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**In re**

    **Carl O'Neal and Rozella O'Neal**

Case No. _____

**Debtor**

Chapter **7** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept .................................... $ **2,893.00** _____

Prior to the filing of this statement I have received ........................... $ **1,000.00** _____

Balance Due ............................................................. $ **1,893.00** _____

2. The source of the compensation paid to me was:

    ☒ Debtor       ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☒ Debtor       ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ -----------------------------

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**Adversary proceedings**

---

CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

8 - 4 - 13
_____
Date

_____
**Dennis M. Sbertoli**
*Signature of Attorney*

**Law Office of Dennis M. Sbertoli**
*Name of law firm*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re Carl O'Neal , Rozella O'Neal _____    Case No. _____
                    Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

    ❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

    ❏ 4. I am not required to receive a credit counseling briefing because of:

        ❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
        ❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
        ❏ Active military duty in a military combat zone.

    ❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

    **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: _____

2

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re  Carl O'Neal, Rozella O'Neal                                   Case No. _____
                     Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of:

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor: _____

Date:_____

2